**Sargon Shahbaz Yoghanloui GINZEH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72726.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2009.

Filed Sept. 18, 2009.

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, Phuong Nguyen Le, Esquire, Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Petitioner.

Diane Kelleher, Esquire, OIL, Jonathan Aaron Robbins, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, ARCHER,* and McKEOWN, Circuit Judges.

## MEMORANDUM **

Sargon Shahbaz Yoghanloui Ginzeh petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252 and do so for "substantial evidence," meaning that we must affirm the BIA's ruling unless the record "not only *supports* [the conclusion that Ginzeh has established eligibility for relief], but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original).

Ginzeh contends that the IJ erroneously discredited his testimony. The IJ found that Ginzeh was not eligible for asylum or withholding of removal because he had not proffered credible testimony. After noting certain inconsistencies and omissions, the IJ provided Ginzeh the opportunity to offer explanations. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999). The IJ found that Ginzeh's explanations were unpersuasive and that Ginzeh did not clarify the inconsistencies and omissions. We agree that Ginzeh did

---

* The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not adequately explain the inconsistencies between his testimony and prior applications and that substantial evidence supports the adverse credibility determination. Therefore, we deny the petition for rehearing with respect to Ginzeh's asylum claim.[1]

Because we affirm the determination that Ginzeh failed to establish eligibility for asylum, we also affirm the denial of Ginzeh's application for withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ While the IJ's determination and the BIA's affirmance were proper as to the denial of the asylum application and the withholding of removal application, denial of CAT relief should not be based solely on an adverse credibility determination made during an asylum assessment when there are further means in the record for assessing whether it is more likely than not that the petitioner will be tortured if returned to his home country. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001). We have held that, by contrast, "proper attention to relevant country conditions might lend credence to ... assertions of torture and cause the BIA to view them in a different light." *Id.*

In the denial of Ginzeh's CAT claim, the IJ mentioned his adverse credibility finding and discussed Ginzeh's testimony. He did not, however, ground his denial on any of the other evidence available in the record. In the context of a CAT claim, *"all evidence relevant to the possibility of future torture shall be considered,* including, but not limited to: ... *[e]vidence of gross, flagrant or mass violations of human rights within the country of removal;* and *[o] ther relevant information regarding*

*conditions in the country of removal." Id.* at 1282 (quoting 8 C.F.R. § 208.16(c)(2) and (3) (2000) (emphasis in original)). Because the IJ did not appear to consider such evidence, noting only that "Iran does not have a good human rights record," we grant the petition as to Ginzeh's CAT claim and remand for the BIA to give proper weight and consideration to evidence of the relevant country conditions contained in the record. *See Id.* at 1284.

Petition GRANTED in part, DENIED in part and REMANDED. Each party shall bear its own costs on appeal.

---

1. Ginzeh also contends that the IJ erred when he found that Ginzeh had firmly resettled in Germany. Having determined that the IJ's

adverse credibility determination was not in error, we do not address whether the IJ erred as to Ginzeh's firm resettlement.